IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RUBEN RIVERA-QUIÑONES, ET AL.,

   Plaintiffs,

   v.

US SECURITY ASSOCIATES,

   Defendant.

**Civil No. 12-1598 (SEC)**

**OPINION AND ORDER**

Before the Court is the defendant's unopposed motion to dismiss. Docket # 27. After reviewing the record and the applicable law, the Court **GRANTS** the defendant's motion.

**Factual and Procedural Background**

On July 26, 2012, Rubén Rivera-Quiñones and Elianedccy Rosado-Rodríguez, in their personal capacities and in representation of their minor son C.A.R., and the conjugal partnership Rivera-Rosado (collectively, Plaintiffs), filed this diversity suit under Article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. tit. 31, § 5141, against U.S. Security Associates (Defendant) alleging illegal detention. See Docket # 1. The relevant facts, as averred in the amended complaint, follow.[1]

On August 12, 2011, minor C.A.R. visited an Office Depot store in Guaynabo, Puerto Rico, to buy school supplies for his freshmen year of college. Id. at ¶ 9. After leaving the store and while walking through the parking lot, a Defendant's security guard that worked at the Office Depot store asked him in a violent, hostile, and intimidating tone to empty his pockets because she had seen him steal numerous items. Id. ¶¶ 11-12. C.A.R. was "panic stricken, frozen on the spot, and felt forcibly

---

[1] An Amended Complaint was filed on November 29, 2012. See Docket # 26.

restricted of any and all movements." Id. ¶ 13. He informed the guard that he had not stolen any merchandise from the store, but the guard kept accusing him of having stolen various items "because she had been watching him throughout his visit." Id. C.A.R. had no option but to empty his pockets. Id. ¶ 16. Contrary to the guard's accusations, he had nothing in his pockets. Id. The guard then realized her mistake and allowed him to leave. Id. The whole incident lasted approximately ten minutes. Id. Plaintiffs further allege that "people from the street, parking lot attendants, and gardening employees" saw the incident. Id. ¶ 15-16.

Later, C.A.R. arrived at his home and informed his parents about the incident. Id. ¶ 17. They immediately filed a complaint with the Puerto Rico Police Department. Accompanied by the police officer, Plaintiffs went back to the Office Depot store and met with the store manager. Id. ¶ 18. The manager admitted that the guard had not follow the established procedure for handling such situations, and assured them that she would be subsequently discharged. Id. ¶ 19.

Plaintiffs filed this suit alleging that C.A.R. was illegally detained by the guard, and that the incident has caused them "deep anguish, emotional distress and moral suffering." Docket # 1, ¶ 21. Defendant then moved for dismissal alleging, *inter alia,* that the court lacks subject-matter jurisdiction because Plaintiffs' claims do not meet the jurisdictional amount necessary to sustain this diversity suit in federal court. Plaintiffs opposed and requested leave to amend the complaint. See Dockets # 16 &17. The Court granted leave and Plaintiffs filed their amended complaint on November 29, 2012.  Docket # 26. On December 11, 2012, Defendant filed a motion requesting dismissal of the amended complaint alleging that it fails to state a plausible claim for illegal detention and, once again, that the court lacks subject-matter jurisdiction because Plaintiffs' claims

do not meet the jurisdictional amount set forth in 28 U.S.C. § 1332.[2] Docket # 27. Plaintiffs did not oppose, and Defendant requested the Court to deem the motion to dismiss as unopposed. Docket # 30. Plaintiffs also failed to respond to the motion to deem as unopposed, and thus the Court granted Defendant's request. See Docket # 32.

**Standard of Review**

Fed. R. Civ. P. 12(b)(1) is the appropriate vessel for challenging a court's subject-matter jurisdiction. Valentín v. Hospital Bella Vista, 254 F.3d 358, 362-3 (1st Cir. 2001). In reviewing a motion to dismiss under this rule, the court construes the plaintiffs' allegations liberally and "may consider whatever evidence has been submitted, such as … depositions and exhibits." Carroll v. United States, 661 F.3d 87, 94 (1st Cir. 2011) (internal quotation marks and citations omitted).[3] Accordingly, this court is empowered to "[w]eigh the evidence and make factual determinations, if necessary, to determine whether it has jurisdiction to hear the case." Massachusetts Delivery Ass'n v. Coakley, 671 F.3d 33, 40 n.6 (1st Cir. 2012) (citing Torres-Negrón v. J&N Records, LLC, 504 F.3d 151, 163 (1st Cir. 2007)). When faced with a jurisdictional challenge, courts must credit the plaintiffs' well-pleaded factual averments and indulge every reasonable inference in the pleader's favor. Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010) (citing Valentín, 254 F.3d at 363). "The party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (citations omitted).

---

[2] Defendant requested dismissal under 12(b)(6). Since the proper vehicle to challenge the subject-matter jurisdiction of the Court is Fed. R. Civ. P. 12(b)(1), and "the function of the motion, and not the caption, dictates which Rule is applicable," Torres-Vázquez v. Commercial Union Ins. Co., 417 F. Supp. 2d 227, 237 (citing Pérez v. Cucci, 932 F.2d 1058, 1061 n. 10 (3rd Cir. 1991)), the Court will entertain the motion as such. Id.; see also Bridges v. Eastman Kodak Co., 822 F. Supp. 1020 (S.D.N.Y. 1993).

[3] A party may submit affidavits or other evidence in connection with a Rule 12(b)(1) motion since the validity of this defense is rarely apparent on the face of the pleading and the motion raising it. 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1364 (2004); see also Conservation Council of Western Australia, Inc. v. Aluminum Co. of America, 518 F. Supp. 270, 277 n. 13 (D.C.Pa. 1981).

**Applicable Law and Analysis**

The Supreme Court has held that, in order for the Court to hear a case, subject-matter jurisdiction must "be established as a threshold matter." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998). This requirement "'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception'". Id. at 94-95 (citing Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884)). Therefore, the Court must first address Defendant's jurisdictional challenge.

Since the court must credit the plaintiffs' well-pleaded factual averments and indulge every reasonable inference in the pleader's favor, the Court will assume for purposes of the jurisdictional determination that C.A.R. was illegally detained, and that he was detained for approximately 10 minutes, as alleged in the amended complaint. "In assessing the amount in controversy, the Court … must not make any evaluations on the merits." Regal Custom Clothiers, Ltd. v. Mohan's Custom Tailors, Inc., No. 96-6320, 1997 WL 370595, at *1 (S.D.N.Y. July 1, 1997) (citing Zacharia v. Harbor Island Spa, Inc., 684 F.2d 199, 202 (2nd Cir. 1982)).

*Amount-in-controversy requirement*

In diversity actions like this one, a federal district court may have original jurisdiction where the matter in controversy exceeds $75,000, excluding interests and costs. See 28 U.S.C. § 1332. To determine whether a party meets the amount-in-controversy minimum, federal courts must apply the long-standing test established by the Supreme Court in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938). The Supreme Court described the test as follows:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. Id. 303 U.S. at 288-89.

As explained by the First Circuit, "[g]ood faith is measured objectively; '[t]he question … is whether to anyone familiar with the applicable law this claim could objectively have been viewed as worth' more than the jurisdictional minimum." Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 41, 41 (1st Cir. 2012) (quoting Coventry Sewage Assoc. v. Dworkin Realty Co., 71 F.3d 1, 6 (1st Cir. 1995)); see also Esquilín-Mendoza v. Don King Productions, Inc., 638 F.3d 1, 4 (1st Cir. 2011).

Accordingly, "[p]laintiffs' 'general allegation of damages that meet the amount requirement suffices unless questioned by the opposing party or the court.'" Stewart v. Tupperware Corp., 356 F.3d 335, 338 (1st Cir. 2004) (quoting Spielman v. Genzyme Corp., 251 F.3d 1, 4 (1st Cir. 2001)). However, "[i]f the opposing party questions the damages allegation, then 'the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount.'" Id.; see also Abdel-Aleem, 665 F.3d at 42. This burden may be met by amending pleadings, or submitting affidavits, written interrogatories, or other competent evidence. See Abdel-Aleem, 665 F.3d at 42 (citing Dep't of Recreation & Sports of P.R., 942 F.2d at 88); Stewart, 356 F.3d at 337.

Here, Defendant has questioned plaintiffs' general allegations of emotional damages and their valuation in more than $100,000 per plaintiff. Thus, the burden has shifted to Plaintiffs to allege "with 'sufficient particularity' facts that in some way support the contention that there is more than $75,000 at stake." Id.

Defendant first cites various cases in which either the Puerto Rico Court of Appeals or the Puerto Rico Supreme Court considered similar cases with more dramatic facts and awarded much less than the jurisdictional amount. Docket # 27, p. 4-10. Defendant avers that the amount recovered by the plaintiffs in those state court cases should help the court assess whether Plaintiffs can recover the jurisdictional amount. Id. This approach, however, was discarded by the First Circuit in

Stewart v. Tupperware Corp., where it held that "[u]sing Puerto Rico Supreme Court cases to analyze the amount-in-controversy for diversity purposes is the equivalent of comparing apples and oranges." 356 F.3d at 339.

But Defendant also argues that Plaintiffs "have 'not provided any facts or substantiation to show with sufficient particularity that [their] case is worth more than $75,000.'" Docket # 27, p. 9 (citing Abdel-Aleem, 665 F.3d at 43). According to Defendant, the Plaintiffs' damages allegations are "conclusory statements," and "the same type of allegations that the First Circuit found to be insufficient" in Abdel-Aleem. Id. at p. 9-10. The Court agrees.

As a threshold matter, Plaintiffs did not oppose the motion to dismiss filed by Defendant. Even further, Plaintiffs neither opposed Defendant's request to deem the motion to dismiss as unopposed nor informed the Court that they intended to rely on the opposition brief to the first motion to dismiss. Accordingly, the Court granted Defendant's request to deem the motion to dismiss as unopposed pursuant to Local Rule 7(b).[4] This unexcused failure to respond "authorizes the presiding district judge to summarily grant the unopposed motion, 'at least when the result does not clearly offend equity'", Rodríguez-Salgado v. Somoza-Colombani, __ F. Supp. 2d __, No. 11-2159, 2013 WL 1403263, at *3 (D.P.R. Mar. 1, 2013) (quoting NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir. 2002)), or "conflicts with the Federal Rules of Civil Procedure." NEPSK, 283 F.3d at 7; see also Rodríguez-Santana v. Hospital Pavía Santurce, No. 11-1059, 2013 WL 1702546, at *2 (D.P.R. Apr. 19, 2013); Sánchez-Ramírez v. Mercado-Figueroa, Nos. 12-1651 & 12-1758, 2013 WL 3973379, at *6 (D.P.R. July 31, 2013). The Court finds that granting Defendant's motion as unopposed would not run counter to any of the two aforementioned conditions. Therefore, Defendant's motion to dismiss is hereby **GRANTED** as unopposed.

---

[4] According to Local Rule 7(b), "[u]nless within fourteen (14) days after the service of a motion the opposing party files a written objection to the motion, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection."

Civil No. 12-1598 (SEC) Page 7

Even putting that flaw aside, the same conclusion would follow. By failing to submit objections to the motion to dismiss, Plaintiffs also failed to meet their burden of "alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." Abdel-Aleem, 665 F.3d at 42. The same would hold true even if they were to rely on the opposition brief to the first motion to dismiss.[5]

To satisfy the "sufficient particularity" requirement, Plaintiffs had to provide "substantiation for or valuation of any of the economic, emotional or physical damages" that may be alleged in the complaint. See Abdel-Aleem, 665 F.3d at 42; see also id. at 43 ("in response to defendant's challenge to amount in controversy, plaintiffs met burden by supplying written interrogatories and multiple medical reports describing and documenting injuries" (citing Stewart, 356 F.3d at 338)). Here, even though discovery was at an advanced stage and Plaintiffs were put on notice by the second motion to dismiss that they needed to provide substantiation or show some basis for the emotional damages claimed, they did not oppose or present any evidence in support thereof.[6] For example, Plaintiffs did not further amend pleadings or submit a copy of the university and school transcripts evidencing that C.A.R. has lower grades than he used to, a psychological evaluation or medical record documenting his alleged "anxiety and panic attacks" and/or demonstrating that the lower grades are a result of the incident occurred in the Office Depot store, or other evidence that may allow this court to conclude that this case is worth more than $75,000. Plaintiffs thus failed to meet their burden. See Abdel-Aleem, 665 F.3d at 42 (holding that the amount-in-controversy requirement was not met where Plaintiff was put on notice of Defendant's jurisdictional challenge,

---

[5] Plaintiffs only averments with regard to Defendant's jurisdictional challenge are: (1) that Defendant's approach of evaluating the amount-in-controversy with the amounts awarded in similar state court cases is "an attempt … to induce this Court into error;" and (2) that the allegations of damages contained in the amended complaint "comply with the requirement of proving that 'it is not a legal certainty that the claim involves less than the jurisdictional amount.'" Docket # 17, p. 8-12 (citing Stewart, 356 F.3d at 335). In order to properly address Defendant's contentions, both averments are discussed by the Court here.

[6] See Docket # 7 (Case Management Order); see also Dockets # 30 & 30-1.

yet "he added only further generalizations to the description of his damages in the Amended Complaint, which did not provide any specifics or basis for the alleged amount in controversy"); see also id. ("where 'party invoking the court's jurisdiction' was 'put on notice … by [the defendant's] motion to dismiss for lack of jurisdiction, that they needed to show some basis for the amount of damages they claimed,' failure to do so resulted in proper dismissal by the district court." (quoting Diefenthal v. Civil Aeronautics Bd., 681 F.2d 1039, 1053 (5th Cir. 1982)).

In any event, even if Plaintiffs had met the sufficient particularity requirement, they would have failed to meet the objective good faith standard, under which they must show that "'to anyone familiar with the applicable law this claim could objectively have been viewed as worth' more than the jurisdictional minimum." See Abdel-Aleem, 665 F.3d at 43. Plaintiffs did not cite any federal case in support of their valuation of the claim. And even if Plaintiffs could evince an illegal detention, Plaintiffs' own allegations show that the incident lasted "approximately ten minutes". Docket # 26, ¶ 16. Although the duration of the detention will not affect the validity of the claim, it does affect the extent of the damages. See Alamo-Pérez v. Supermercado Grande, Inc., 158 P.R. Dec. 93, 106 (2002); Casanova v. González Padín, 47 P.R. Dec. 488 (1934). Moreover, the guard requested only that C.A.R. empty his pockets, and immediately after doing so, the guard allowed him to go. There is no allegation of physical contact, no request of going back to the store, calling the police, detaining him after confirming that he had nothing in his pockets, or any other allegation from which the Court may determine that the extent of the damages may be valued in more than $75,000. See Rosario-Ortega v. Star-Kist Foods, Inc., 370 F.3d 124, 129 (1st Cir. 2005) ("amount-in-controversy requirement of $10,000 was not met in claim for short-lived embarrassment and anger resulting from a car-rental clerk's public destruction of credit card and announcement that plaintiff had failed to pay his bills." (citing Jiménez-Puig v. Avis Rent A Car Sys., 574 F.2d 37, 40

(1st Cir. 1978)). Although the standard for justifying dismissal "[m]ight at first seem like a high threshold," Abdel-Aleem, 665 F.3d at 41 (citation and internal quotation marks omitted), courts nevertheless have the "[d]uty 'to police the border of federal jurisdiction.'" Id. (quoting Spielman v. Genzyme Corp., 251 F.3d 1, 4 (1st Cir. 2001)); see also, e.g., American Policyholders Ins. Co. v. Nyacol Products, Inc., 989 F.2d 1256, 1258 (1st Cir. 1993) ("A federal court is under an unflagging duty to ensure that it has jurisdiction over the subject matter of the cases it proposes to adjudicate."); Torres v. Doctors Center Hosp. Manatí, No. 11-1479, 2012 WL 195833, at *3 (D.P.R. May 30, 2012).

Finally, the parents' claims, *a fortiori*, fail to meet the objective good faith standard. This is so, because their claim is too tenuous to overcome the jurisdictional threshold that C.A.R.'s claim did not meet. In Rosario-Ortega v. Star-Kist Foods, Inc., 370 F.3d at 124, for example, a nine-year old girl cut her right pinky finger on a tuna can. Her injuries led to surgery, the prospect of future surgery, minor permanent disbility, and scarring. Her parents and sister sued in federal court, claiming emotional distress damages. Specifically, the mother claimed that her emotional distress damages totaled $250,000. The First Circuit held that the girl's claim met the statutory jurisdictional amount, because, among other things, the medical prognosis was that the injury would become worse as she grew, and that she may need more surgery. With regard to the mother, however, the First Circuit ruled that she fell short of meeting the jurisdictional minimum. The Court observed that the injuries "were relatively minor", "[n]o one believed that [the girl] would die of the cut on her finger[,] and there was no dramatic witnessing of the accident".[7] Id. at 129-31.

---

[7] According to the complaint, C.A.R.'s parents "have trouble sleeping, as they have recurring nightmares of their son being treated as a criminal, and even prosecuted as such"; "every time the phone rings while [C.A.R.] is not at home, [her mother] gets anxious with the thought that her son is going through the same ordeal"; "as soon as [C.A.R] walks out the door, his mother can't get the idea out of her head that somebody will treat her son like a criminal and make him bear the torment he experienced on August 12, 2011"; and they "are also concerned about how his reputation has been tarnished as a result of the events … and live in

Although the injuries alleged in the case at bar are different than those of <u>Rosario-Ortega</u>, the comparison allows us to put in perspective the nature of C.A.R's parents' claim. Here, as in <u>Rosario-Ortega</u>, the injuries were minor and the parents did not directly witness the incident. Thus, all things considered, the Court has legal certainty that the parents' claim does not meet the jurisdictional amount. <u>See also</u> <u>Torres v. Doctors Center Hospital Manatí</u>, No. 11-1479, 2012 WL 1952833 (D.P.R. May 30, 2012).

**Conclusion**

For the reasons stated above, Defendant's motion to dismiss is **GRANTED**. Accordingly, Plaintiffs' claims are **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 16th day of October, 2013.

*s/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge

---

constant insecurity of how the criminal accusations will affect his future, his social development and his college career." Docket # 26, ¶¶ 26-29. It further states that "[a]ll of these insecurities have caused restlessness, apprehension, intense suffering and deep emotional and mental anguish." <u>Id.</u> ¶ 30. These allegations, analyzed within the pertinent legal framework, allow the Court to conclude with the required legal certainty that this claim involves less than the jurisdictional amount of $75,000.